In the Matter of the Application of ABRAHAM POLLACK, Appellant, for Writs of Habeas Corpus and Certiorari. JOSEPH A. McCANN, Warden of the City Prison in Queens County, Respondent.— Order dismissing writs of habeas corpus and certiorari and remanding relator to custody affirmed. No opinion. Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concurred.

AFFIFE N. MALOOF, as Administratrix, etc., of NAJIB S. MALOOF, Deceased, Respondent, v. ANTON W. SAYDAH, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide the event, upon the ground that the evidence brought out at folio 143 of the record was illegal, and the orderly administration of justice requires a new trial. The error was not that of the court, but the harm of evidence so deliberately introduced by the plaintiff could not be removed. Thomas, Rich and Jaycox, JJ., concurred; Blackmar, J., voted for affirmance on the ground that there was no legal error in the admission of the evidence or in the disposition of it by the court, with whom Jenks, P. J., concurred.

CHARLES L. McGRATTY and EDWARD J. McGRATTY, Respondents, v. KRANTZ MANUFACTURING COMPANY, INC., Appellant, Impleaded with Others, Defendants.— Judgment unanimously affirmed, with costs. . The appellant is estopped by the receiver's decision to assert that the marble delivered and prepared and offered for delivery before the receivership did not comply with the contract; but as to the undelivered marble, valued at $400, the appellant may call for it and insist that it comply with the contract, and if it should not be furnished it would have its remedy. Present — Jenks, P. J., Thomas, Rich, Blackmar and Jaycox, JJ.

BERT McKINNEY, Respondent, v. NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Rich, Blackmar and Kelly, JJ.

EMMA F. MILLARD, Appellant, v. JOHN G. COLLINGWOOD and Others, Respondents.— Judgment and order affirmed, with costs. No opinion. Thomas, Rich and Blackmar, JJ., concurred; Putnam, J., concurred on the ground that plaintiff's derivative right is tainted by the fraud set out, with whom Jenks, P. J., concurred.